**Billy CEPERO, Plaintiff–Appellant,**

v.

**Douglas GILLESPIE; et al., Defendants–Appellees.**

No. 15-15039

United States Court of Appeals, Ninth Circuit.

---

Submitted July 26, 2016 \*

FILED August 05, 2016

Billy Cepero, Pro Se

Craig R. Anderson, Esquire, Director, Micah S. Echols, Esquire, Attorney, Marquis & Aurbach, Las Vegas, NV, for Defendants–Appellees

Before: SCHROEDER, CANBY and CALLAHAN, Circuit Judges.

MEMORANDUM \*\*

Nevada state prisoner Billy Cepero appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising out of an arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We reverse and remand.

The district court concluded that Cepero's complaint was not timely filed. However, the record reflects that Cepero constructively filed a handwritten complaint before the expiration of the applicable statute of limitations period. *See Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 281 (9th Cir. 1983) (complaint which arrives in the custody of the court clerk within the statutory period but fails to conform with local rules is nevertheless deemed filed for statute of limitations purposes); *see also Ordonez v. Johnson*, 254 F.3d 814, 816 (9th Cir. 2001) (pro se prisoner constructively filed amended com-

plaint before filing deadline when it was received but returned unfiled by the district court). Therefore, we reverse the judgment and remand for further proceedings.

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**REVERSED and REMANDED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.